**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4073

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MISTY C. BARRACLOUGH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, Chief District Judge.  (M-03-111)

Submitted:  July 21, 2004          Decided:  August 6, 2004

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN, BERRY & POWERS, P.L.L.C., Wilmington, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Alan F. Williams, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Misty C. Barraclough appeals her convictions and one-year probationary sentence imposed after she pled guilty to communicating a threat and reckless driving, in violation of 18 U.S.C. § 13 (2000) (assimilating, respectively, N.C. Gen. St. §§ 14-277.1, 20-140(b) (1993)).[*] We affirm.

Barraclough essentially asserts that her guilty plea was involuntary because the district court refused to conduct an in camera review of a social services report involving the victim of the offenses, in violation of the Confrontation and Compulsory Process Clauses of the Sixth Amendment, thereby forcing her to choose between seeking a continuance or entering a guilty plea. Because Barraclough did not move in the district court to withdraw her guilty plea, our review is for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir.), cert. denied, 537 U.S. 899 (2002). Our review of the transcript of the plea hearing convinces us that the district court did not plainly err in finding that Barraclough voluntarily entered her guilty plea.

Barraclough also challenges as unreasonable the district court's imposition of a special condition of probation, which required her to perform 100 hours of community service, without considering the factors set forth in 18 U.S.C.A. § 3553(a) (West

_____

[*]Barraclough also was charged with assault with a deadly weapon, but the district court dismissed that charge on the Government's motion.

- 2 -

2000 & Supp. 2004).  Barraclough did not object to her sentence; thus, our review is for plain error.  United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (citing United States v. Olano, 507 U.S. 725, 732 (1993)).  After a thorough review of the record, we find that the district court properly considered the nature and circumstances of Barraclough's offenses, Barraclough's personal circumstances, and all other relevant factors before requiring Barraclough to perform community service.  See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue.  It is sufficient if . . . the district court rules on issues that have been fully presented for determination.  Consideration is implicit in the court's ultimate ruling.").  We therefore find no plain error in the sentence.

Accordingly, we affirm Barraclough's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED